IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE ALEX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-145 Erie |
| | ) | |
| ECKERD DRUGS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

The Defendant, Eckerd Drugs, removed this matter from the Court of Common Pleas of Crawford County, Pennsylvania on June 29, 2006. On July 27, 2006, Plaintiff, a citizen of Pennsylvania, filed a Motion to Remand (Doc. 2) contending that complete diversity of citizenship is lacking in that Defendant's principal place of business is Pennsylvania. On August 11, 2006, Defendant filed it's Reply to Plaintiff's Motion to Remand (Doc. 6) contending that its principal place of business is Rhode Island.

In support of its position, Defendant contends that "final authority over 'corporate policy, including financing,' rests with the Eckerd board in Rhode Island" and that "the 'duty of conducting the business of the corporation' relating to the sale of goods, including pharmaceuticals, and the 'headquarters of day-to-day corporate activity and management' also lie with the Eckerd corporate headquarters in Rhode Island." (Eckerd's Reply, at 12 & 13 (citing Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287 (3d Cir. 1998) & In re Linerboard Antitrust Litigation, 2005 WL 1625040 (E.D. Pa. 2005)).)

The relevant law regarding this issue was set out in a recent District Court case from the Easter District of Pennsylvania as follows:

> A corporation is a citizen of both the State in which it was incorporated and the State "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). It follows that a corporation may be a citizen of two states, but a corporation only has one principal place of business. To determine where a corporation has its principal place of business, the Third Circuit applies the "center of corporate activities" test. Kelly v. U.S. Steel Corp., 284 F.2d 850 (3d Cir. 1960).
>
> Under this test, the Kelly court requires courts to ascertain "the headquarters of the day-to-day corporate activity and management." Id. at 853-54; Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 291 (3d Cir. 1998) (summarizing Kelly test). To make this determination, a court looks not "where ... final decisions are made on corporate policy," but rather where the corporation "conducts its affairs." Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 411 (3d Cir. 2003) (citing Kelly, 284 F.2d at 854). In Kelly, the Third Circuit looked to the location and composition of the defendant corporation's Operation Policy Committee, which was responsible for conducting the corporation's business in manufacturing, mining, transportation and general operation, along with policy decision-making and various appointment powers, the location of its Vice Presidents, General Solicitor and the employees to determine the corporation's principal place of business. Kelly, 284 F.2d at 854.
>
> Relevant factors of lesser importance include: (1) location of physical plants; (2) location of assets; and (3) location of employees. Mennen, 147 F.3d at 391; Kelly, 284 F.2d at 854. The Kelly court also considered several other factors upon which it did not place great weight. For example, "the place of the meeting of the shareholders alone cannot be the principal place of business of a corporation. Although, the situs of the board of director's meetings and financing decisions may be a factor in determining a corporation's principal place of business, this alone will ordinarily not suffice." Wheelabrator Frackville Energy Co., Inc. v. Morea Culm Servs., Inc., 741 F.Supp. 536, 539 (E.D.Pa. 1990) (internal citations omitted); see also Alpha Portland Cement Co. v. MacDonald Engineering Co., 224 F.Supp. 714 (E.D.Pa. 1963) (court found state with majority of executive-administrative employees and corporate offices to be principal place of business).

Bruesewitz v. Wyeth, Inc., 2006 WL 782437, *2 (E.D.Pa. Mar. 27, 2006).

The Bruesewitz Court also explained that

> Federal "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth., 809 F.2d at 1010. In Brown v. Francis, 75 F.3d 860 (3d Cir.1996), the Third Circuit interpreted "all doubts" to mean that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Id. at 865. The "removing party bears the burden of proving the existence of federal subject matter jurisdiction." Apoian, 108 F.Supp.2d at 455.

2

Bruesewitz, 2006 WL 782437, *1.

Other than the assertions of Defendant we have no other facts upon which to base a determination that Eckerd's principal place of business is Rhode Island. Therefore, Plaintiff shall file a response to Plaintiff's Reply in which Plaintiff shall either state that it concedes that Defendant's principal place of business is Rhode Island, or set forth an argument that Defendant's principal place of business is Pennsylvania. If Plaintiff disputes that Defendant's principal place of business is Rhode Island, then Defendant, who carries the burden of proof on this issue, shall file a brief in response supporting its contention that its principal place of business is Rhode island with evidence.

AND NOW, this 14th day of August, 2006, it is hereby

**ORDERED** that on or before **August 23, 2006**, Plaintiff shall file a response to Defendant's Reply to Plaintiff's Motion to Remand.

It is further **ORDERED** that if Plaintiff contends that Defendant's principal place of business is not Rhode Island, then on or before **August 30, 2006**, Defendant shall file a brief supporting its contention that its principal place of business is Rhode island with evidence.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

3